"O"

FILED
CLERK, U.S. DISTRICT COURT

OCT 1 0 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YANJUN JI, | Case No. CV 08-5965 PA (AN) |
| Petitioner, | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |
| v. | |
| MICHAEL MUKASEY et al., | |
| Respondents. | |

Before the Court is a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"). After conducting an independent *de novo* review of the Petition and attached exhibits, the Court finds the Petition must be dismissed because Petitioner is not entitled to relief for the reasons set forth below.

## I. BACKGROUND

### A.    Pending Petition

On September 11, 2008, petitioner Yanjun Ji , proceeding in *pro se*, filed his pending Petition.  The allegations in the Petition and attached exhibits establish that Ji is a 37 year-old native and citizen of the People's Republic of China.  (Pet. ¶¶ 6, 12.) On January 2, 2008, Ji was taken into the custody of the U.S. Immigration and Customs Enforcement ("ICE") and has been detained since that date at the Mira Loma Detention

1   Center in Lancaster, California. (*Id.* ¶¶ 1, 6.) Ji was detained for unlawfully entering
2   the United States as a visitor with a fake passport on February 25, 2001. (*Id.*, ¶13, Ex.
3   B.) Ji was turned over to ICE's custody after he finished serving a sentence that he
4   sustained in connection with a conviction for possessing "fake brand cigarette
5   contraband." (*Id.*, ¶14.) The Board of Immigration Appeals ("BIA") denied Ji's asylum
6   application and issued a final order of removal that has been affirmed by the United
7   States Court of Appeals for the Ninth Circuit. (*Id.*; *see also Yan Jun Ji v. Gonzales*, 173
8   Fed. Appx. 610, 2006 WL 679929 at *1 (9th Cir. filed Mar. 15, 2006).)

## II. DISCUSSION

### A.   Standard of Review

11        A district court may summarily dismiss a habeas petition where "it appears from
12   the application that the applicant or person detained is not entitled" to relief. 28 U.S.C.
13   § 2243; *Ruby v. United States*, 341 F.2d 585, 586-87 (9th Cir. 1965) (affirming district
14   court's order summarily dismissing habeas petition that failed to show petitioner was
15   entitled to habeas relief and holding a district court must deny such a petition without
16   speculating "whether or not it might be amended or supplemented to invoke the court's
17   jurisdiction to grant some other remedy"); *see also* Local Rule 72-3.2 (a magistrate judge
18   must promptly review a habeas petition and if it plainly appears from the face of the
19   petition and any attached exhibits that the petitioner is not entitled to relief, the
20   magistrate judge may present an order and judgment for summary dismissal to the
21   district judge).

### B.   Ji's Claims

23        Ji principally claims that, because "removal to China or to any other country is not
24   significantly likely to occur in the reasonably foreseeable future[,]" his continued
25   detention since July 2, 2008 (the end of the six-month presumptively reasonable period
26   that started on January 2, 2008), violates his statutory rights under 8 U.S.C. § 1231(a)(6)
27   as well as his substantive and procedural Due Process rights under the Fifth Amendment
28   as construed by *Zadvydas v. Davis*, 533 U.S. 678, 682, 121 S. Ct. 2491 (2001) and *Clark*

1   *v. Suarez-Martinez*, 543 U.S. 371, 125 S. Ct. 716 (2005).  (Pet. ¶¶ 15, 21, 24-29.)

2   In general, after a final order of removal is issued, the Attorney General must
3   remove the alien from the United States within ninety days.  8 U.S.C. § 1231(a)(1)(A).
4   "During the removal period, the Attorney General shall detain the alien."  8 U.S.C. §
5   1231(a)(2).  If the removal order is stayed pending judicial review, the ninety-day period
6   begins running *after* the reviewing court's final order.  8 U.S.C. § 1231(a)(1)(B)(ii)
7   (emphasis added).

8   In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6) did not authorize
9   the Department of Homeland Security to detain a removable alien indefinitely beyond
10  the ninety-day statutory "removal period"; rather, the Supreme Court construed the
11  statute to contain an implicit "reasonable time" limitation.  *See Zadvydas*, 533 U.S. at
12  682.  *Zadvydas* held "the statute, read in light of the Constitution's demands, limits an
13  alien's post-removal-period detention to a period reasonably necessary to bring about
14  that alien's removal from the United States."  *Id.* at 682, 689.  *Zadvydas* concluded, for
15  the sake of uniform administration in the federal courts, six months was a presumptively
16  reasonable period of detention which should be read into the statute. An alien is not
17  entitled to habeas relief after the expiration of the presumptively reasonable six-month
18  period of detention under § 1231(a)(6) unless he can show the detention is "indefinite"
19  -- i.e., that there is "good reason to believe that there is no significant likelihood of
20  removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701; *see Clark*,
21  543 U.S. at 377-78) (extending *Zadvydas* to aliens detained under § 1231(a)(6) and
22  inadmissible under § 1182).  The Ninth Circuit recently explained this language requires
23  an alien to show that "he is stuck in a 'removable-but-unremovable limbo,' as the
24  petitioners in *Zadvydas* were[;]" that is, the alien must show he "is unremovable
25  because the destination country will not accept him or his removal is barred by our own
26  laws." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008).  In *Prieto-Romero*,
27  the Ninth Circuit further held the lack of a certain end date does not render the alien's
28  detention indefinite in the sense the Supreme Court found constitutionally problematic

1   in *Zadvydas*, where removal was not reasonably foreseeable because no country would
2   accept the deportees, or the United States lacked an extradition treaty with their
3   receiving countries.   *Id.*   The Ninth Circuit also observed that *Clark* was similar to
4   *Zadvydas* because the alien's removal to Cuba in *Clark* was not reasonably foreseeable
5   where the government had conceded it was no longer involved in repatriation
6   negotiations with Cuba.   *Id.*

7          Ji's post-removal detention has extended beyond the presumptively reasonable
8   period of six months.   However, the Petition and attached exhibits do not show there is
9   "good reason to believe that there is no significant likelihood of removal in the
10   reasonably foreseeable future" as required by *Zadvydas*, *Clark*, and *Prieto-Romero*.
11   Indeed, Ji does not expressly allege or show that China has refused to accept him, or that
12   his removal is barred by our own laws. *See Preito-Romero*, *id.* at 1063 (citing *Zadvydas*,
13   533 U.S. at 697). To the contrary, the exhibits attached to the Petition contradict Ji's
14   conclusory allegation that there is no significant likelihood that ICE will remove him to
15   China in the reasonably foreseeable future.   Specifically, the attached copy of the ICE
16   "Decision to Continue Detention" dated July 17, 2008, which is attached as Exhibit B
17   to the Petition, states, among other things, that "[t]he Chinese government is currently
18   issuing travel documents[,] and that jurisdiction of Ji's custody decision will be
19   transferred to ICE's Headquarters Post Order Unit in Washington, D.C. if Ji "is not
20   released or removed by October 7, 2008." (Pet., Ex. B.)  Further, a copy of the ICE
21   "Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)" dated April 4, 2008, reveals
22   that, shortly after he was transferred to ICE's custody on January 2, 2008, ICE
23   successfully completed arrangements for Ji's removal but Ji thwarted his immediate
24   removal by refusing to sign two removal documents and engaging other conduct
25   designed to delay and prevent his removal to China. (Pet., Ex. A.)  Consequently, Ji's
26   situation is materially distinguishable from that in *Zadvydas* and *Clark*, and neither of
27   these cases support his release from ICE detention.  ICE continues to have an interest
28   in detaining Ji to effect his removal, and his detention remains authorized by §

1  1231(a)(6). *Zadvydas*, 533 U.S. at 699; *Prieto-Romero*, 534 F.3d at 1065. That Ji's

2  detention does not have a certain end date does not change the analysis. *Id.* at 1063.

3       Accordingly, the Court finds Petitioner has failed to meet his burden to provide

4  "good reason to believe that there is no significant likelihood of removal in the

5  reasonably foreseeable future," therefore, his continued detention is constitutional.

6  ### III.  CONCLUSION

7       Based upon the foregoing, the reference to the Magistrate Judge is vacated, and

8  the Petition is summarily dismissed.  Any and all other pending motions are terminated

9  as moot.

10

11

12  Dated: October 10, 2008

13                                 PERCY ANDERSON
                         UNITED STATES DISTRICT JUDGE

14

15

16  Presented by:

17

18      /s/ Arthur Nakazato
       Arthur Nakazato

19  United States Magistrate Judge

20

21

22

23

24

25

26

27

28